# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LUNA, | 1:08-cv-00377 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER |
| v. | |
| STATE OF CALIFORNIA, | [Doc. 5] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 17, 2008. On March 25, 2008, the Court dismissed the petition and granted Petitioner leave to amend the petition within thirty (30) days from the date of service of that order. (Court Doc. 5.) Petitioner has failed to respond to the Court's order.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

1

1  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
2  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
3  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
4  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

5       In determining whether to dismiss an action for lack of prosecution, the Court must
6  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
7  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
8  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
9  alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
10 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving
11 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
12 case has been pending since March 17, 2008. The Court cannot hold this case in abeyance
13 indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to
14 Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the
15 occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,
16 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their
17 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. The Court's
18 order of March 25, 2008, specifically advised Petitioner that the "failure to comply with this
19 order will result in a recommendation to dismiss the instant action for failure to comply with a
20 court order." (Court Doc. 5, at 5.)  Finally, given Petitioner's noncompliance with the Court's
21 order, no lesser sanction is feasible.

22      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for
23 Petitioner's failure to prosecute. This Findings and Recommendation is submitted to the United
24 States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636
25 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,
26 Eastern District of California. Within thirty (30) days after being served with a copy, any party
27 may file written objections with the court and serve a copy on all parties. Such a document
28 should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies

to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**May 14, 2008**__                  __/s/ **Dennis L. Beck**__
                                             UNITED STATES MAGISTRATE JUDGE